[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant (GEICO) has moved for summary judgment in this CT Page 12389 underinsured motorist action, claiming that there is no genuine issue of material fact as to the plaintiff's failure to exhaust all of the insurance available to him by virtue of the tortfeasor's negligence. In particular, GEICO claims that the tortfeasor was insured as a "resident relative" under a policy carried by her brother, with whom she lived at the time of the collision giving rise to this action.
The plaintiff's opposition to the motion takes three forms. First, he claims that GEICO cannot raise this defense because by its conduct it has waived its right to do so or is estopped from doing so or is guilty of laches. An examination of the file indicates that these arguments were made by the plaintiff previously in the form of an objection to GEICO's request for leave to amend its answer to add this claim as a special defense. The file contains memoranda of law submitted by both parties, making essentially the same arguments as are made in their memoranda in connection with this motion. The court (Pellegrino, J.) granted GEICO's request for leave to amend, and I must assume it did so after consideration of these arguments. From my own examination of the arguments and the documents submitted in support of the plaintiff's objection to this motion I see no reason to depart from the court's previous decision.
Next the plaintiff argues that he must only have exhausted the policy covering the vehicle the tortfeasor was driving at the time of the collision, and he has done so.[1] The case relied on by the plaintiff, however, General Accident Insurance Co. v.Wheeler, 221 Conn. 206 (1992), holds only that, where there is more than one tortfeasor, only the coverage available from one of those tortfeasors need be exhausted before a claim is made under the uninsured/underinsured coverage of the claimant. Here there is only one tortfeasor and, arguably, more than one policy available to cover her. Thus Wheeler is not apposite.
Finally, and successfully, the plaintiff argues that there is a genuine issue of material fact as to whether the tortfeasor was covered by her brother's policy at the time of this collision.
The liability coverage[2] of the brother's policy contained an exclusion of coverage for the "use of . . . any vehicle, other than your covered auto which is furnished or available for the regular use of any family member." In support of his claim that this clause excluded coverage for the tortfeasor, the plaintiff submitted excerpts from the deposition of the owner of the CT Page 12390 vehicle involved in this collision to the effect that the tortfeasor was his girlfriend at the time of the collision, that she did not have a vehicle, that his vehicle was used by her all of the time, and that she was a listed operator on his own policy. The tortfeasor swore at her deposition that the owner of the vehicle was her boyfriend and the father of her two children. Finally, the plaintiff submitted an affidavit of a claims manager for the brothers carrier, that the tortfeasor would not have been covered if the exclusion quoted above were applicable even if she resided in the same household as her brother, the insured.
These submissions by the plaintiff, uncontradicted by GEICO, establish the existence of a genuine issue of material fact whether the tortfeasor was covered by her brother's policy; consequently, there is a genuine issue of material fact whether the plaintiff exhausted all of the insurance coverage "available" to him before bringing this action.
Accordingly, GEICO's motion for summary judgment is denied.
The plaintiff has filed his own motion for summary judgment as to this special defense. "The decisions of the Connecticut Superior Court . . . are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper . . . Such a motion is improper because Practice Book Sec. [17-44] does not provide for summary judgment on special defenses." (Citations omitted.) Dubourg v. Osborn, judicial district of Litchfield, Docket No. 065070 (July 5, 1995). The plaintiff's motion for summary judgment is denied.
BY THE COURT
Shortall, J.